IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, JENNIFER MATHIS-HUBER, and BRYAN HUBER<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND EXPUNGE LIS PENDENS<br><br><br><br>Case No. 2:11-CV-214 TS |

The Court has before it Defendants Mortgage Electronic Registration Systems, Inc., America's Wholesale Lender, and The Bank of New York Mellon, NA's (collectively, "Defendants") Motion to Dismiss and Expunge Lis Pendens.[1] The Court finds Plaintiffs' Complaint fails to state a claim upon which relief can be granted and will, therefore, grant the Motion.

---

[1]Docket No. 6.

I.  BACKGROUND

On or about March 18, 2005, Jennifer Mathis-Huber and Bryan Huber borrowed $600,000.00 from America's Wholesale Lender to purchase real property located in Summit County, Utah (the "Property").  The loan, evidenced by a promissory note, was secured by a deed of trust against the Property.  On or about January 4, 2006, Jennifer Mathis-Huber and Bryan Huber borrowed an additional $148,650.00 from America's Wholesale Lender, which loan was likewise evidenced by a promissory note and secured by a deed of trust against the Property.

Each of the deed of trusts names MERS "as a nominee for Lender and Lender's successors and assigns" and deems MERS the beneficiary of the deed of trust.[2]

Jennifer Mathis-Huber and Bryan Huber defaulted on their obligations under the loans and deeds of trust.  Thereafter, on or about June 26, 2009, MERS commenced foreclosure by recording a Notice of Default and Election to Sell against the Property.[3]  The substitute trustee scheduled the foreclosure sale of the Property.

On or about April 16, 2010, Bryan Huber allegedly quitclaimed his interest in the Property to Plaintiff Commonwealth Property Advocates.  Shortly thereafter, Plaintiff Commonwealth Property Advocates commenced this action and recorded a lis pendens against the Property.  An Amended Complaint was later filed, which added Plaintiffs Jennifer Mathis-Huber and Bryan Huber and Defendant Bank of New York Mellon.  The Amended Complaint alleges against all Defendants causes of action for injunctive relief, wrongful foreclosure,

---

[2] Docket No. 7, Exs. B & C.

[3] *Id.*, Ex D.

declaratory judgment, and quiet title. Defendants have moved collectively to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted and expunge the lis pendens.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[4] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated

---

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6] *GFF Corp.*, 130 F.3d at 1384.

[7] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

into the complaint by reference, and matters of which a court may take judicial notice."[9] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[10]

### III. DISCUSSION

Although Plaintiffs claim multiple grounds for relief, each of these claims relies upon the theory that the named Defendants lack authority to foreclose on the Property. In the past two years, the Court has seen a glut of such cases flood its docket. The typical complaint in these type of cases alleges that the foreclosing entities lack authority because the promissory note was split from the deed of trust through securitization, thereby invalidating both the note and the deed of trust, and entitling the plaintiff to the property clear of all competing interests.[11] In rejecting such claims, this Court has held that this "split-note" theory is contrary to the well-settled principle that "[t]he transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter."[12] Indeed, this common law principle has

---

[9]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[10]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[11]*See, e.g.*, *Witt v. CIT Group/Consumer Finance Inc.*, 2010 WL 4609368 (D. Utah Nov. 5, 2010).

[12]*Carpenter v. Longan*, 83 U.S. 271, 275 (1872).

4

been adopted into the Utah Code.[13] Thus, as any assignment of the note necessarily carries with it the deed of trust securing the property, the Court has found that such a "split-note" scenario is simply untenable.[14]

Unlike many of its predecessor complainants, Plaintiffs acknowledge this well-settled principle. Plaintiffs contend, however, that even accepting this principle, the foreclosing Defendants still lack authority to foreclose. In a rather puzzling twist of logic, Plaintiffs argue that because the deed of trust—the instrument which establishes MERS as the lender's nominee—follows the note, once the note is transferred, assigned, or sold, the nomination in the deed of trust automatically becomes void. Apparently, Plaintiffs believe that this result is mandated by Utah Code Ann. § 57-1-35. Plaintiffs offer no other authority, except its own argument, to support this contention.

Plaintiffs' argument completely ignores the fact that the deeds of trust establish MERS as "a nominee for Lender and Lender's successors and assigns."[15] Under the express terms of the deeds of trust, Plaintiffs agreed to MERS's continuing status as nominee and beneficiary, even after the deeds of trust were transferred, assigned, or sold. As Plaintiff has already conceded that the deeds of trust follow the note, the Court can see no reason why all terms of the deeds of trust would follow the transfer of the note *except* this term—a term which, ironically, expressly

---

[13] *See* Utah Code Ann. § 57-1-35.

[14] *See Witt*, 2010 WL 4609368, at * 4 (D. Utah Nov. 05, 2010); *Marty v. Mortg. Elec. Registration Sys.,* 2010 WL 4117196, at *4-*6 (D. Utah Oct. 19, 2010).

[15] Docket No. 7, Exs. B & C.

provides for its continuation in the event of a transfer.[16] Such an argument defies logic and fails as a matter of law.

As all of Plaintiffs' Causes of Action rely upon this failed theory, the Court finds that Plaintiffs have failed to plead a cause of action upon which relief may be granted.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss and Expunge Lis Pendens (Docket No. 7) is GRANTED.  As amendment would be futile, the claims herein are DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to close this case forthwith.

DATED   May 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16] *Marty*, 2010 WL 4117196, at *6 ("Thus, there is no reason to conclude that MERS could not contract with Plaintiff and other parties to maintain the power to foreclose despite the conveyance of the ownership of the debt as long as MERS were to act on behalf of those parties who have the ultimate right to collect the debt.").